IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

In re:

MICHAEL D. VICK )  Case No. 08-50775
 )  Chapter 11
Debtor. )
_____ )

## MOTION TO APPOINT DAVID TALBOT AS DESIGNATED RESPONSIBLE PERSON AND MANAGER FOR THE DEBTOR

Michael Vick, as the Debtor and the Debtor-in-Possession in the above-captioned Chapter 11 case (the "Debtor"), by his attorneys, Kaufman & Canoles, a professional corporation, and Crowell & Moring LLP, respectfully requests that this Court enter an order, pursuant to Sections 105(a), 327, 363(b) and 1107 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the appointment of David Talbot ("Mr. Talbot") as the designated Responsible Person for the Debtor (the "Responsible Person") and the retention of Talbot as manager. In support of the Motion, the Debtor respectfully represents as follows:

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile
*Proposed Counsel for Debtor*

CROWELL & MORING LLP
Peter R. Ginsberg, Esq.
Mark S. Lichtenstein, Esq.
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 223-4000 – Telephone
(212) 223-4134 – Facsimile
*Proposed Counsel for Debtor*

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district in accordance with 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Sections 105(a), 327, 363 and 1107 of the Bankruptcy Code.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is an individual and a resident of Hampton, Virginia. He is a suspended National Football League ("NFL") quarterback formerly under contract with the Atlanta Falcons. On or about August 27, 2007, he plead guilty to conspiracy to travel in interstate commerce in aid of unlawful activities and to sponsor a dog in an animal fighting venture, under 18 U.S.C. § 371. The Debtor is currently serving a 23-month prison sentence at the United States Penitentiary at Leavenworth, Kansas and is expected to be released in or about the summer 2009. Upon his release, the Debtor will return to his home in Hampton, Virginia and will seek to rebuild his life and career.

5. The precipitating factor leading to the Debtor's filing of this Chapter 11 case is that certain of the Debtor's creditors, including Joel Enterprises ("Joel"), are obtaining judgments against Vick in various counties in which he owns real estate and personal property and have commenced collection and execution activities. The Debtor's goal was to avoid bankruptcy and work out consensual resolutions with each of his creditors, who, other than Joel, have been generally cooperative and willing to work with Vick. However, the Debtor and his trusted

advisor, Mr. Talbot, who has been placed in charge of Vick's affairs by virtue of a general power of attorney, have determined, in the interests of creditors and the estate, to have the Debtor file for bankruptcy protection within ninety (90) days of the docketing of Joel's judgment in order to avoid the perfection of the judgment, execution thereon, and its adverse impact on other creditors. Now that it has been commenced, the bankruptcy case will be beneficial to creditors and the estate by providing a single forum in which the Debtor may effectuate a global resolution of all of the claims against him. Finally, the bankruptcy case will provide a mechanism for the Debtor to recover assets from certain third-parties who appear to have taken advantage of the Debtor during the pre-petition period. These assets, if recovered and brought into the estate, will benefit all legitimate creditors and other constituencies in the case.

6. The Debtor, along with Mr. Talbot, is committed to expeditiously resolving the claims against him in this bankruptcy case. Subject to a more precise delineation in the Schedules of Assets and Liabilities, the Debtor is facing a variety of secured and unsecured claims. Between residential real estate assets, various investments, and potential claims against third-parties, the Debtor and Mr. Talbot believe that the Debtor will be able consensually to resolve the claims against him in the context of a plan or another Court-approved exit from bankruptcy that will be fair and equitable and in the best interests of creditors. The hope is also that, with the guidance of Mr. Talbot, the Debtor can, after the conclusion of the Bankruptcy Case, rebuild his life on a personal and spiritual level, resurrect his image as a public figure, and resolve matters with the NFL such that he can resume his career.

**RELIEF REQUESTED**

7. By this Motion, and as described in the Affidavit of Mr. Talbot in support of this Motion, which is attached hereto and incorporated herein as **Exhibit A** (the "Talbot Affidavit"),

the Debtor seeks Court approval to have Mr. Talbot continue to serve the Debtor throughout this Chapter 11 case as the Responsible Person and as the Debtor's manager, and to be compensated in accordance with the terms of the proposed letter agreement attached hereto as **Exhibit B** (the "Letter Agreement").

## BASIS FOR RELIEF REQUESTED

8. The Debtor has chosen Mr. Talbot to act as the Responsible Person and as his manager in this Chapter 11 case because of Mr. Talbot's significant experience, reputation, and skills in resolving difficult disputes and overcoming personal obstacles.[1] As set forth in his Declaration submitted herewith, the Debtor completely trusts Mr. Talbot to act as Responsible Person in this case and to assist the Debtor in fulfilling his fiduciary duties as a Chapter 11 debtor. Prior to the Petition Date, the Debtor provided Mr. Talbot with a broad Power of Attorney (the "POA"), attached as **Exhibit C** hereto, to manage his affairs. Immediately prior to the filing of the Petition, Mr. Vick executed an Addendum to the POA (the "Addendum"), attached as **Exhibit D** hereto, providing Mr. Talbot with the power to act as a responsible person in this case with the powers, duties and obligations of a debtor-in-possession.

9. During the prepetition period, Mr. Talbot has made great progress in organizing the Debtor's financial affairs. Working with the Debtor, Mr. Talbot has commenced an analysis of the state of his current investments, has investigated the activities of the Debtor's prior advisors and investment advisors, and has assisted in the retention of expert counsel to address matters with the NFL, any pending criminal matters, and possible claims the Debtor may have

---

[1] As set forth in the Talbot Affidavit submitted herewith, Mr. Talbot is well-educated, has extensive experience in financial planning and managing people, processes and problem solving. He has particularly relevant experience in solving credit problems for his clients, having handled numerous loan transactions and loan/credit consolidations as a Regional Director of a major national business organization. Mr. Talbot's managerial and consulting services are sought after by athletes, entertainers, business people and the like for his ability to resolve conflicts, negotiate wisely on behalf of his clients, and coordinate and implement strategic plans.

4

against third-parties. Mr. Talbot and Mr. Vick have also consulted extensively about a prospective bankruptcy filing and the need to protect available assets and thereby resolve legitimate claims in an equitable fashion. They are very much in agreement as to contemplated strategy and processes concerning the bankruptcy case. Mr. Talbot's appointment and retention as the Responsible Person and as the Debtor's manager will be vital to the success of the Debtor's efforts and to the protection of the interests of creditors in this Chapter 11 case.

10. Typically, a Chapter 11 debtor will remain in control of his assets as a debtor-in-possession. See In re Allsun Juices, Inc., 34 B.R. 162 (Bankr.M.D.Fla.1983). As set forth in the Debtor's Declaration, attached hereto as **Exhibit E**, the Debtor seeks the assistance of the Mr. Talbot as Responsible Person in managing his affairs and carrying out the functions of a debtor-in-possession.

11. Under the circumstances of this case, the most expedient, cost-saving and efficient option is the appointment of a responsible person to act on behalf of the debtor-in-possession. The appointment of a responsible person has been used primarily to replace non-existent management or with the agreement of the parties. See, e.g., Matter of FSC Corp., 38 B.R. 346 (Bankr.W.D.Pa.1983); Matter of Gaslight Club, Inc., 782 F.2d 767 (7th Cir.1986). However, in the interests of equity, a court may appoint a responsible person for other reasons pursuant to the authority granted by 11 U.S.C. § 105. See In re Communication Options, Inc., 299 B.R. 481, 482 (Bankr. S.D. Ohio 2003).

12. In this case, as noted above, the appointment of a responsible person to care for Mr. Vick's financial affairs is necessary because Mr. Vick, who may be in prison until the summer of 2009, has limited ability to manage his finances and limited ability to participate in the bankruptcy case on an in-person basis.

13. Mr. Vick has appointed and chosen Mr. Talbot as his manager and provided him with the POA and the Addendum pursuant to which Mr. Vick has entrusted Mr. Talbot to manage his affairs, including the undertaking of the delegatable obligations, duties and responsibilities of a Chapter 11 debtor-in-possession. Mr. Vick and Mr. Talbot have developed a close personal relationship and a deep level of trust. This close and trusting relationship will allow Mr. Talbot effectively and expeditiously to take the required actions in the best interests of the Debtor, his estate and its creditors. Although Mr. Vick is incarcerated, Mr. Talbot has already visited him a number of times and has numerous telephone calls with him on a regular basis. Mr. Talbot's access to Mr. Vick, both through visits and telephone calls, will continue post-petition and will ensure that the Debtor's wishes and business judgment will be manifested through Mr. Talbot as his Responsible Person.

15. Additionally, Mr. Vick's designation of Mr. Talbot as Responsible Person should be deemed a fair and reasonable decision, pursuant to the business judgment rule. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that the "trustee, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property, of the estate." 11 U.S.C. § 363(b)(1). Although stated in various ways, courts generally hold that a debtor's decision to enter into a transaction outside the ordinary course of business is governed by the business judgment test. 3 Colliers on Bankruptcy ¶ 363.01[1][g] (15th ed. 2002); In re WBQ Partnership, 189 B.R. 97, 104 (Bankr. E.D. Va. 1995).

16. The business judgment rule creates a presumption that a debtor's management decisions are reasonable. In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions."). Once the debtor articulates a

valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." In re Integrated Resources. Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). It is enough if the debtor determines in its business judgment that benefit will be realized. Sharon Steel Corp. v. National Fuel Gas Distribution Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 39-40 (3d Cir. 1989). The business judgment standard requires that the court approve the debtor's business decision unless that judgment is the product of bad faith, whim or caprice. Lubrizol Enters. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985).

17. Here, it is respectfully submitted that Mr. Vick's business judgment in appointing Mr. Talbot as a responsible person in the Chapter 11 Case and as Court-approved manager, as set forth below, should be given effect and deference based on the business judgment rule.

18. Any potential concerns that Mr. Talbot will not act in the best interest of the estate or will engage in self-dealing should be entirely negated by the fact that, if approved as Responsible Person, he will be under the authority of this Court and subject to the heightened level of scrutiny inherent in bankruptcy cases. Further, in addition to Mr. Talbot's status as Responsible Person for the Debtor and the fiduciary duties that flow therefrom, as a retained professional, Mr. Talbot will be, in essence, an officer of this Court, with all of the fiduciary duties and obligations that such status implies. Finally, the other stakeholders in this case will also vigilantly protect their particular interests, which will act as another safeguard to ensure that Mr. Talbot always acts in the full exercise of the Debtor's fiduciary duties to the entire estate.

19. As set forth in the Letter Agreement attached as **Exhibit B**, the Debtor has proposed for Mr. Talbot to be retained as his manager as well as Responsible Person and to be paid the sum of $15,000 per month out of estate funds if such funds are available.

20. As noted in the Talbot Affidavit, the only consideration received by Mr. Talbot during the prepetition period, as payment for prior services rendered, is a Mercedes Benz physically transferred to Mr. Talbot by the Debtor. Additionally, prior to the filing of the Debtor's Chapter 11 case, Mr. Talbot received $35,000 out of the Debtor's qualified Defined Benefit Plan, maintained at Charles Schwab, which funds have been used, and shall be used, for the living expenses of certain of the Debtor's dependents, including his mother and his girlfriend, and for certain reimbursable expenses incurred by Mr. Talbot. By agreeing to serve as Responsible Person and manager for the Debtor, Mr. Talbot is incurring the risk that there will be no funds in the estate to compensate him further for his services.

21. Based upon the Talbot Affidavit, the Debtor believes that Mr. Talbot does not hold or represent any interest adverse to the Debtor, and that Mr. Talbot is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

22. Based upon the Talbot Affidavit, the Debtor believes that Mr. Talbot has no connection with the Debtor, any creditors of the Debtor, the United States Trustee for this District or any person employed in the United States Trustee's office, any other party in interest in the Debtor's Chapter 11 case, or his attorneys and accountants, except as set forth in the Talbot Affidavit.

23. The Debtor believes that the appointment of Mr. Talbot as the designated Responsible Person and his retention as manager is in the best interests of the Debtor, his estate and the creditors thereof.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (i) enter an Order, authorizing the Debtor to appoint Mr. Talbot as the Responsible Person for the Debtor and his employment and retention as manager and (ii) grant the Debtor such other and further relief as is just and appropriate under the circumstances.

Norfolk, Virginia
Dated: July 7, 2008

Respectfully submitted,

**CROWELL & MORING LLP**

Peter R. Ginsberg, Esq.
Mark Lichtenstein, Esq.
153 East 53rd Street, 31st Floor
New York, New York 10022
Telephone:    (212) 223-4000
Facsimile:    (212) 223-4134
*Proposed Counsel for Debtor*

-and-

**KAUFMAN & CANOLES, a
  professional corporation**

By: ___/s/ Paul K. Campsen___
Paul K. Campsen (VSB No. 18133)
Dennis T. Lewandowski (VSB No. 22232)
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:    (757) 624-3253
Facsimile:    (757) 624-3169
*Proposed Counsel for Debtor*

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was mailed first-class, postage prepaid U.S. Mail and/or by electronic-mail, this 7th day of July, 2008, to:

> Cecelia Ann Weschler, Esq.
> Office of the U. S. Trustee
> 200 Granby Street, 625 Federal Building
> Norfolk, VA 23510
> (757) 441-6012
> cecelia.a.weschler@usdoj.gov

those parties listed on **Schedule 1**

and to all creditors and parties-in-interest who are included in the Bankruptcy Court's ECF e-mail notification system.

                                        /s/ Paul K. Campsen

::ODMA\PCDOCS\DOCSNFK\1383731\1