UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re ) | |
| ) | |
| MICHAEL D. VICK, ) | Case No. 08-50775 (FJS) |
| ) | |
| Debtor. ) | Chapter 11 |

## STATEMENT OF FINANCIAL AFFAIRS

Michael D. Vick (the "Debtor") hereby submits his Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007.

The Debtor has used his best efforts to compile the information contained in the Statement, based on his books and records and the assistance of third parties in gathering documents and information.

The Statement remains subject to further review and verification by the Debtor. Subsequent information may result in material changes in financial or other data contained in the Statement. The Debtor reserves the right to amend the Statement from time to time as may be necessary or appropriate.

## Declaration

I, Michael D. Vick, declare under penalty of perjury that I have reviewed the Statement and that it is true and correct to the extent currently possible to the best of my knowledge, information and belief. My attorneys are continuing to receive documents and conduct discovery and I will supplement and amend the schedules if appropriate.

Dated: August ___, 2008

Michael D. Vick

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

<u>In re: Michael D. Vick</u>                                                      <u>Case No.: 08-50775(FJS)</u>

## STATEMENT OF FINANCIAL AFFAIRS
<u>NOTES</u>

THE DEBTOR RESERVES THE RIGHT TO AMEND THE STATEMENT OF FINANCIAL AFFAIRS.

<u>Item 1</u>.  Upon information and belief, and in reliance on discussions with Stephen Gross, one of the Debtor's former financial advisors, the Debtor's estimated income from his employment with the Atlanta Falcons was in the range of $6,000,000 for the year 2007.

<u>Item 3</u>.  Upon receipt of further information, the Debtor intends to revise the schedules for Items 3(b) and 3(c), reflecting the payments to creditors within 90 days.

<u>Item 3(b)</u>.  With respect to the creditors listed in Item 3(b), the transfers reflect that these creditors obtained a lien on one or more of the Debtor's properties within 90 days of the commencement of the bankruptcy case.

<u>Item 4(b)</u>.  These funds were seized, but were returned to the Debtor.

<u>Item 7</u>.  Without documentation, the Debtor is not sure whether the transfers occurred within the one year period.  Upon receipt of additional documentation and information, the Debtor will revise Item 7.

<u>Item 10(a)</u>.  The sum of $35,000 was transferred from the MV7 Defined Benefit Pension Plan (the "Pension Plan") to David Talbot, the Debtor's former financial advisor.  A portion of the funds were used to reimburse Mr. Talbot for certain out-of-pocket expenses he had incurred in connection with his services to the Debtor. Other funds were transferred to the Debtor's family members to pay certain of their living expenses.  An accounting for the disposition of these funds has been directed by court order and shall be provided by Mr. Talbot.

<u>Item 11</u>.  In Schedule B, Item 2, the Debtor has identified several bank accounts with zero balances.  Some of the bank accounts may have been closed.  Upon confirmation of such closures, the Debtor will amend Item 11 accordingly.

<u>Item 13</u>.  Upon information and belief, the Debtor's former financial advisor has copies of the Debtor's financial records for more than 90 days prior to the petition date.  As a result, the Debtor does not know what setoffs have been made by his creditors.

<u>Item 19(a)</u>.  Although not all those listed are accountants or bookkeepers, the persons listed in Item 19 are all individuals that the Debtor believes has maintained or currently possess his books and records.

<u>Item 19(d)</u>.  The Debtor does not have in his possession any financial statements issued by him within 2 years immediately preceding the commencement of this case.  Any such financial statements may be in the possession of one or more of his previous financial advisors.

Prior to the commencement of the case, the Debtor requested that the sum of $150,000 be transferred. Ultimately, the funds were transferred on August 16, 2008 from the Pension Plan to the account of Charles W. Reamon, Jr. maintained at SunTrust Bank.  Thereafter, $110,594 was returned to the Pension Plan.  Mr. Reamon and Mr. Talbot are in the process of providing an accounting of the funds that were not returned to the Pension Plan.

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**

In re:  **Michael D. Vick**

_____,
Debtor

Case No. <u>08-50775 (FJS)</u>
(If known)

# STATEMENT OF FINANCIAL AFFAIRS

---

## 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 11,413,017.00 | Atlanta Falcons | 1/1/06-12/31/06 |
| 2,317,958.00 | MV7, LLC | 1/1/06-12/31/06 |
| 6,000,000.00 | Atlanta Falcons | 1/1/07-12/31/07 |
| unknown | MV7, LLC | 1/1/07-12/31/07 |
| unknown | Employment in prison 12 cents per hour | 1/1/08-7/7/08 |

---

## 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 587,751.00 | Capital Gain | 1/1/06-12/31/06 |
| 93,449.00 | Ordinary dividends | 1/1/06-12/31/06 |
| 152,792.00 | Taxable interest | 1/1/06-12/31/06 |
| 583.24 | Dividends and Interest, Charles Schwab Acct. No. 9077-6643 | 1/1/07-12/31/07 |
| 4,306.22 | Dividends and Interest, Charles Schwab Acct. No. 8098-4067 | 1/1/07-12/31/07 |
| 60,860.64 | Dividends and Interest, Charles Schwab Acct. No. 1021-4095 | 1/1/07/12/31/07 |
| 1.68 | Schwab SEP-IRA of Michael Vick, Acct. No. 8098-467 | 01/01/08-06/30/08 |
| 4,805.49 | Schwab One Trust Account of Michael Vick TTEE, MV7 DBPP, Acct. No. 1021-4095 Interest and Dividends | 01/01/08-06/30/08 |

## 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑
a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐
b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **1st Source Bank<br>PO Box 1602<br>South Bend, ID 46634-1602** | | **461,486.00** | **unknown** |
| **Internal Revenue Service<br>400 North 8th Street, Box 76<br>M/S Room 898<br>Richmond, Virginia 23219** | **5/14/2008** | **409,182.21** | **unknown** |
| **Joel Enterprises<br>c/o Hunton & Williams LLP<br>1751 Pinnacle DRive, Suite 1700<br>McLean, VA 22102** | **Various dates: 4/18/2008, 5/13/2008** | **4,505,057.10** | **4,505,057.10** |
| **Royal Bank of Canada<br>c/o Poyner & Spruill LLP<br>3600 Glenwood Ave. PO Box 10096<br>Raleigh, NC 27605** | **Various dates: 5/7/2008, 5/14/2008** | **2,421,170.90** | **unknown** |
| **Wachovia Bank, N.A.<br>c/o Thomas A. Burton, Esq.<br>Smith Gambrell & Russell LLP<br>1230 Peachtreet Street NE, Ste 3100<br>Atlanta, GA** | **5/6/2008** | **1,117,908.85** | **unknown** |

None
☐
c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Unknown** | | | |

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Riches et al. v. Vick et al. 07-CV-1858 | Prisoner civil rights, pro se prisoner | United States District Court Northern District Georgia (Atlanta) | Closed |
| 1st Source Bank v. Divine Seven, LLC and Michael Vick 07-cv-00461-CAN | Breach of contract | United States District Court Northern District of Indiana South Bend | Consent judgment entered for Plaintiff |
| Riches v. James, et al. 07-CV-2486 | Prisoner civil rights, pro se prisoner | United States District Court Northern District Ohio (Cleveland) | Terminated |
| McCormack v. Vick et al. 07-CV-03402 | Breach of Contract by pro se prisoner | United States District Court District of South Carolina (Columbia) | Motion for service pending |
| Reggie White et al. v. National Football League, et al. 08-2001 | Atlanta Falcons seek to recover funds paid to Vick | United States Court of Appeals for the Eight Circuit | On appeal |
| Radtke Sports, Inc. v. Michael D. Vick 07-CV-3215 | Breach of contract | Superior Court Cherokee County, Georgia | Unknown |
| Wachovia Bank, N.A. v. Atlantic Wine & Package, LLC, et al. 07-cv-02427-ODE | Breach of contract | United States District Court Northern District of Georgia Atlanta | Judgment for Plaintiff |
| Royal Bank of Canada v. Michael Dwayne Vick 07-cv-00092-FBS | Recovery under a negotiable instrument | United States District Court Eastern District of Virginia Newport News Division | Judgment for Plaintiff |
| Riches v. Vick 07-CV-434 | Prisoner civil rights, pro se prisoner | United States District Court Eastern District of Virginia (Richmond) | Closed |
| Joel Enterprises, Inc. v. Michael D. Vick CH05-1699-4 | Breach of contract | Circuit Court of the City of Richmond, Virginia | Judgment for Plaintiff |
| United States v. Michael Vick, et al. 07-CR-274 | Criminal | United States District Court Eastern District of Virginia | Closed |

None ☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Joel Enterprises | | $4,111.73 |

## 5.  Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 6.  Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Brenda Boddie** <br> **5108 W. Creek Court** <br> **Suffolk, VA 23435** | **Mother** | | **Money - amount unknown** |
| **Charles W. Reamon, Jr.** <br> **4240 Portsmouth Blvd., Ste. 608** <br> **Chesapeake, VA 23321-2129** | **Friend** | | **Money, boats - Bass Tracker (estimated value $11,000), Edgewater (estimated value $20,000)** |
| **Christina N. Vick** <br> **5108 W. Creek Court** <br> **Suffolk, VA 23435** | **Sister** | | **Car (value unknown)** |
| **Kijafa Frink** <br> **21 Haywagon Trail** <br> **Hampton, VA 23669** | **Girlfriend** | | **Money, car, jewelry, art - amount unknown** |
| **Marcus Vick** | **Brother** | | **Jewelry - amount unknown** |
| **Tameka Taylor** | **Mother of Vick's son** | | **Car (value unknown), money (value unknown)** |

## 8. Losses

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Losses resulting from burglary of former home at 1915 Moonlight Road, Smithfield, VA 23430. Amount of loss is under investigation.** | **On 5/7/07, the property was burglarized. A claim was filed with Lexington Insurance Company under Policy No LE 059691004, Claim No. 683-152996. The insurance company denied the loss in a letter dated 10/19/07.** | **05/07/2007** |

## 9. Payments related to debt counseling or bankruptcy

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Consumer Credit Counseling Service of the Midwest, Inc.** | | |
| **Crowell & Moring LLP**<br>**153 East 53rd Street**<br>**31st Floor**<br>**New York, NY 10022** | **7/7/08, MV7 Defined Benefit Pension Plan** | **$280,000.00** |
| **Kaufman & Canoles**<br>**150 West Main Street, Suite 2100**<br>**Norfolk, Virginia 23514-3037** | **7/7/08, MV7 Defined Benefit Pension Plan** | **$35,000.00** |
| **Robert F. Craig, P.C.**<br>**1321 Jones Street**<br>**Omaha, Nebraska 68102** | | |

## 10. Other transfers

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| 802 Icon, Inc.<br>450 ALTON ROAD #802<br>MIAMI BEACH FL 33139<br>   Unknown | 06/17/2008 | 450 Alton Road, #802<br>Miami Beach, FL 33139 |
| David Talbot<br>450 Alton Road #3003<br>Miami Beach, FL 33139<br>   Former Financial Adviser | 07/07/2008 | $35,000 wire transfer from Charles Schwab Account for MV7 DBPP Acct. No. 1021-4095 to David Talbot |
| David Talbot<br>450 Alton Road #3003<br>Miami Beach, FL 33139<br>   Former Financial Adviser | 07/08/2008 | Car owned by MV7, LLC, with an approximate value of $80,000-$85,000 |
| Escrow Account | 12/01/2007 | $928,073.04 paid into an escrow account for care of dogs seized; amount escrowed will cover any future criminal restitution ordered in case |
| MDV Family Limited Partnership<br>5108 West Creek Court<br>Suffolk, VA 23435 | 03/07/2007 | $400,000.00 wire transfer from Charles Schwab Account for MV7 DBPP Acct. No. 1021-4095 |
| MDV Family Limited Partnership<br>5108 West Creek Court<br>Suffolk, VA 23435 | 02/22/2007 | $145,921.81 wire transfer from Charles Schwab Account No. 9077-6643 |
| MV7, LLC<br>21 Haywagon Trail<br>Hampton, VA 23669<br>   Corporation in which Debtor has interest | 07/20/2007 | $400,000.00 wire transfer from Charles Schwab Account for MV7 DBPP Acct. No. 1021-4095 to MV7, LLC |
| Richard Beacham<br>Stateside Capital, LLC<br>2002 Summit Blvd.<br>Suite 1000<br>Atlanta, Georgia 30319 | | On information and belief, the Debtor's interest in certain Georgia state tax credits were sold at a deep discount for an estimated $175,000 |
| Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Avenue NW<br>Washington, DC 20004<br>   Attorney in criminal matter | 11/30/2007 | $200,000.00 wire transfer from Charles Schwab Account for MV7 DBPP Acct. No. 1021-4095 |
| Williams & Bullocks LLC<br>5614 So. 115th Circle<br>Omaha, NE 68137<br>   Former Financial Adviser | 06/06/2008 | $150,000 wire transfer from Charles Schwab Account for MV7 DBPP Acct. No. 1021-4095 to Williams Bullocks LLC, requested by Mary Wong on 6/3/08 |

None ☐ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
|---|---|---|
| **Michael D. Vick 2002 Irrevocable Trust U/D/T 2/10/03** | | **None. Trust was never funded.** |
| **The MDV Revocable Trust** | | **None. Trust was never funded.** |

## 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Bank of America, N.A.** | **Acct. No. *0443, Final Balance $275,986.69** | **Final statement dated 9/20/07** |
| **Wachovia, N.A.** | **Acct. No. *0666; Final Balance $0.00** | **Last statement dated 6/27/07** |
| **Wachovia, N.A.** | **Acct. No. *0653; Final Balance $0.00** | **Unknown** |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **Unknown** | | |

### 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 21 Haywagon Trail<br>Hampton, VA 23669 | Michael Vick | Purchased 1/21/05 |
| United States Penitentiary<br>Leavenworth, Kansas | Michael Vick | Present address |
| 1915 Moonlight Road<br>Surry, VA | Michael Vick | |
| 450 Alton Road, #802<br>Miami Beach, FL 33139 | Michael Vick | Purchased 10/5/06 |
| 2927 Darlington Run Road<br>Duluth, GA 30097 | Michael Vick | Purchased 4/29/05 |

### 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐

a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Airport MD, LLC | Control No. 0610101 | 2637 PEACHTREE RD UNIT 111 ATLANTA GA 30305 | Healthcare | 01/27/2006 |
| Atlantic Wine & Package, LLC | | 3560 Camp Creek Parkway East Point, GA 30344 | Retail | |
| Commonwealth Ventures | | 1155 HAMMOND DR STE D4250 ATLANTA GA 30328 | Real estate investment | 04/20/2006 |
| D & Q Ventures, Inc. | | 4525 South Blvd., Suite 300 Virginia Beach, VA 23452 | Investment in cleaning service | 12/14/2006 |
| MDV Family Limited Partnership | 200435600045 | 5108 West Creek Court Suffolk, VA 23435 | Management of properties and investments of the family of Michael Vick | 12/17/2004 |
| MV7, LLC | 02-0632418 | 1915 Moonlight Road SMITHFIELD, VA 23430 | Celebrity marketing | 06/21/2002 |
| Seven Charms Farm, LLC | | 210 Cowan Rd SE Conyers GA 30094 | Farm | 03/26/2007 |
| Vicktory Corp. | 20-1492810 | 2625 Cumberland Parkway Suite 400 Atlanta, GA 30339 | Corporate general partner of MDV Family Limited Partnership | 06/09/2004 |

None ☑

b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                                                    ADDRESS

## 19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| David Talbot<br>450 Alton Road #3003<br>Miami Beach, FL 33139 | April - August 9, 2008 |
| Lawrence Woodward<br>Shuttleworth, Ruloff, Giordano<br>4525 South Blvd, Suite 300<br>Virginia Beach, VA 23452-1137 | |
| Mary Wong<br>Campbell Wealth Management<br>5614 So. 115th Cir.<br>Omaha, NE 68137 | August 2007 - April 2008 |
| Stephen R. Gross<br>HLB Gross Collins, P.C.<br>2625 Cumberland Parkway<br>Suite 400<br>Atlanta, GA 30039 | 2005-2007 |

None ☐ b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| HLB Gross Collins, P.C.<br>2625 Cumberland Parkway<br>Suite 400<br>Atlanta, GA 30339 | | 2005-2007 |

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Crowell & Moring LLP | 153 East 53rd Street<br>31st Floor<br>New York, NY 10022 |
| David Talbot | 450 Alton Road #3003<br>Miami Beach, FL 33139 |
| Lawrence Woodward | Shuttleworth, Ruloff, Giordano<br>4525 South Blvd, Suite 300<br>Virginia Beach, VA 23452-1137 |
| Mary Wong | Campbell Wealth Management<br>5614 So. 115th Cir.<br>Omaha, NE 68137<br>402-505-1710 |
| Stephen R. Gross | HLB Gross Collins, P.C.<br>2625 Cumberland Parkway<br>Suite 400<br>Atlanta, GA 30339 |

13

None ☐

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Notes** | |

## 20. Inventories

None ☑

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☑

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None ☑

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☑

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22. Former partners, officers, directors and shareholders

None ☑

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

13

## 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)