UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

In re:

Michael D. Vick,

        Debtor.

Case No. 08-50775-FJS
Chapter 11

**CONSENT ORDER CONDITIONING RIGHTS
OF DEBTOR IN POSSESSION**

Pursuant to the agreement between the debtor, Michael D. Vick and his counsel, Paul K. Campsen, Esquire, and W. Clarkson McDow, Jr., United States Trustee for Region Four, by counsel, it is hereby

ORDERED that the debtor, pending further Order of the Court, shall conduct his financial affairs subject to the following conditions:

1. The debtor shall close his present books of account and open and maintain new books of account showing all earnings, expenses, receipts and disbursements of the debtor, commencing with the date of the filing of his petition on July 7, 2008, and shall preserve proper vouchers for all payments made by the debtor.

2. The debtor shall close all bank accounts presently maintained and all funds on deposit shall be transferred to the account hereinafter set forth.

3. The debtor shall immediately open one (1) new bank account in such authorized

Debera F. Conlon, Esq., AUST, VSB No. 20837
Cecelia A. Weschler, Esq., VSB No. 28245
Kenneth N. Whitehurst, III, Esq., VSB No. 48919
Office of the United States Trustee
Room 625, 200 Granby Street
Norfolk, VA 23510
(757) 441-6012

1

federal depository as the debtor may select.  This account shall be designated as set forth immediately below, and checks for this account shall be imprinted with the appropriate designation:

> **"Michael D. Vick Debtor in Possession Account".**  All income of the debtor shall be deposited in this account.  All checks on this account shall be signed by Michael D. Vick.

The debtor shall provide the United States Trustee with the name of the depository and the account number of this Debtor in Possession account as soon as it is opened.

4.  The debtor shall promptly prepare and file all tax returns required by law.  The debtor shall not pay or satisfy out of the money or assets of his estate any unsecured creditors for any debt which was incurred prior to the filing of this Chapter 11 on July 7, 2008, or which could be dealt with or affected under the plan to be proposed herein, except upon Order of the Court.

5.  The debtor shall file with the Court, not later than the 15th of each month, a verified monthly report in compliance with the format established by the United States Trustee.  The first report shall be due on August 31, 2008, and shall reflect all financial transactions for the period commencing with the date of filing, and ending with the last day of July, 2008. Subsequent reports shall be due on the 15th of each month for the transactions conducted during the previous month.  Financial statements for the months of April, July, October and January shall include a copy of debtor's check reflecting payment of quarterly fees due to the United States Trustee.  Copies of each monthly financial statement shall be transmitted to the United States Trustee and to each member of any Unsecured Creditors' Committee appointed herein.

6.  The debtor shall file with the Court, not later than 120 days after the commencement

of this proceeding, and every 90 days thereafter until a plan of reorganization is filed, a report on the current status of the case including the date by which the debtor will file a Plan of Reorganization.  Copies thereof shall be transmitted to the United States Trustee and to any Unsecured Creditors' Committee appointed in this case.

      7.  The debtor shall provide such other financial information, including but not limited to evidence of insurance, as the United States Trustee may from time to time request.

      Subject to the foregoing limitations and conditions, the debtor shall conduct his reorganization pursuant to and in compliance with all applicable provisions of Title 11 of the United States Code.

| | |
|---|---|
| Newport News, Virginia<br>Dated: August ___, 2008 | ENTERED this __ day of August, 2008: |
| | _____<br>United States Bankruptcy Judge |
| | Entered on Docket: |
| I Ask For This: | |

/s/  Kenneth N. Whitehurst, III
Kenneth N. Whitehurst, III, Counsel for W. Clarkson McDow, Jr.
United States Trustee for Region Four

3

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).


/s/     Kenneth N. Whitehurst, III
Kenneth N. Whitehurst, III, Trial Attorney


Certification of Consent

We have read the Chapter 11 guidelines of the Office of the United States Trustee and consent to entry of this Consent Order Conditioning Rights of Debtor in Possession:


| /s/   Michael D. Vick | (By Mr. Whitehurst based on Mr. Vick's original |
| Michael D. Vick | signature) |
| Debtor in Possession | |


| /s/   Paul K. Campsen | (By Mr. Whitehurst with permission from Mr. |
| Paul K. Campsen | Campsen received via e-mail dated September 3, |
| Counsel for Debtor in Possession | 2008) |

**PARTIES TO RECEIVE COPIES**

Kenneth N. Whitehurst, III, Esquire
Office of U. S. Trustee
(via e-mail)

Paul K. Campsen, Esquire
(via e-mail)

Michael D. Vick
USP Leavenworth
P. O. Box 100
Leavenworth, KS 66048

Ross C. Reeves, Esquire
Willcox & Savage
One Commercial Place, Suite 1800
Norfolk, Virginia 23510