## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Newport News Division

| | |
|---|---|
| In re: Michael D. Vick, | Case Numbers 08-50775-FJS |
| | Chapter 11 |
| Debtors. | |

### ORDER APPROVING APPLICATION TO EMPLOY FINANCIAL ADVISOR

This matter came to be heard upon the Application to Employ Financial Advisor filed by the Official Committee of Unsecured Creditors (the "Committee") in this proceeding (the "Application"). Through the Application, the Committee seeks authority to employ the firm of Protiviti, Inc. ("Protiviti") as its financial advisor.

And it appearing that (i) Guy Davis and others at Protiviti are professionals qualified to serve as financial consultants; (ii) all appropriate parties received the Application pursuant to Local Rule 2014-1 and no party has filed an objection to the Application; (iii) Protiviti does not hold or represent any interest adverse to the Debtor's estate; (iv) Protiviti is disinterested within the meaning of 11 U.S.C. § 101(14); and (v) Protiviti's employment is in the best interests of the Debtor's estate.

And it further appearing that the Committee will oversee the work of Protiviti and the James Mintz Group (the Committee's investigative financial consultant) to minimize duplicative efforts among professionals.

It is therefore

Ross C. Reeves (VSB Number 13628)
John D. McIntyre (VSB Number 35925)
Laura C. Pyle (VSB Number 73338)
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
757-628-5500 (T)
757-628-5566 (F)
*Counsel for the Official Committee of Unsecured Creditors*

ORDERED that the Committee's employment of the financial consulting firm Protiviti, Inc., in this case is hereby authorized; and it is

FURTHER ORDERED that Protiviti shall be compensated in accordance with the terms of the Engagement Letter attached hereto as **Exhibit A**, and pursuant to 11 U.S.C. § 328(a), the applicable Federal Rules of Bankruptcy Procedure, Local Rules, and the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any additional procedures or orders that may be imposed or entered by this Court; and it is

FURTHER ORDERED that the employment of Protiviti, Inc., is hereby made effective as of the date of the Application.


Date: _____        _____
United States Bankruptcy Judge


I ASK FOR THIS:

_____*/s/ Laura C. Pyle*_____
Ross C. Reeves (VSB Number 13628)
John D. McIntyre (VSB Number 35925)
Laura C. Pyle (VSB Number 73338)
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
757-628-5500 (T)
757-628-5566 (F)
*Counsel for the Official Committee of Unsecured Creditors*

2

I-835490.1

SEEN AND NO OBJECTION:

| | |
|---|---|
| ___/s/ Kenneth N. Whitehurst___<br>Debera F. Conlon, AUST (VSB Number 20837)<br>Cecelia Ann Weschler (VSB Number 28245)<br>Kenneth N. Whitehurst, III (VSB Number 48919)<br>OFFICE OF THE U. S. TRUSTEE<br>200 Granby Street, 625 Federal Building<br>Norfolk, Virginia 23510<br>757-441-6012 (T)<br>757-441-3266 (F) | (By Laura C. Pyle with permission<br>from Kenneth N. Whitehurst by<br>electronic mail) |
| ___/s/ Paul K. Campsen___<br>Paul K. Campsen (VSB Number 18133)<br>Dennis T. Lewandowski (VSB Number 22232)<br>KAUFMAN & CANOLES, P.C.<br>150 West Main Street, Suite 2100<br>Norfolk, Virginia 23510<br>757-624-3000 (T)<br>757-624-3169<br>- and -<br>Peter R. Ginsberg, Esquire<br>Mark S. Lichtenstein, Esquire<br>CROWELL & MORING LLP<br>153 East 53rd Street, 31st Floor<br>New York, New York 10022<br>212-223-4000 (T)<br>212-223-4134 (F)<br>*Counsel for the Debtor* | (By Laura C. Pyle with permission<br>from Paula K. Campsen by<br>electronic mail) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order has been endorsed by or served upon all requisite parties in accordance with Local Rule 9022-1.

___/s/ Laura C. Pyle___
Laura C. Pyle

**PARTIES TO RECEIVE COPIES:**

Ross C. Reeves, Esquire
John D. McIntyre, Esquire
Laura C. Pyle, Esquire
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510

Paul K. Campsen, Esquire
Dennis T. Lewandowski, Esquire
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510

Peter R. Ginsberg, Esquire
Mark S. Lichtenstein, Esquire
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, New York 10022

Debera F. Conlon, Esquire
Cecelia Ann Weschler, Esquire
Kenneth N. Whitehurst, III, Esquire
OFFICE OF THE U. S. TRUSTEE
200 Granby Street, 625 Federal Building
Norfolk, Virginia 23510

I-835490.1

EXHIBIT A



Independent Risk Consulting

1051 East Cary St., Suite 602
Richmond, VA 23219

Main: 804.644.7000
Fax:  804.644.7055

www.protiviti.com

September 2, 2008

The Official Committee of Unsecured Creditors
Michael D. Vick, Debtor (Case No. 08-50775)
Attention: Luke O'Brien
Director, Credit Portfolio Management
RBC Wealth Management
Royal Trust Tower, 77 King Street West, 3rd Floor
Toronto, ON, Canada M5W 1P9

RE:    Protiviti, Inc. Engagement Letter – Michael Vick Chapter 11 Matter

Dear Mr. O'Brien:

This letter confirms Protiviti Inc.'s ("Protiviti") arrangements with the Official Committee of Unsecured Creditors ("Client" or the "Creditors' Committee")[1] in re: Michael D. Vick, Debtor (Case No. 08-50775).

**Project Scope and Approach**

Client desires to engage Protiviti to perform financial advisory and forensic accounting services to the Creditors' Committee in the Michael D. Vick Chapter 11 Bankruptcy.

Protiviti's work will consist of:

- Advising committee regarding asset valuations, claims and plan alternatives;
- Assisting in locating and valuing undisclosed assets, if any;
- Communicating with debtor and its advisors on progress of asset sales, locations, identification and value;
- Periodically providing status report to committee to facilitate informed decisions;
- Advising committee regarding identity and value of avoidance actions;
- Performing all other services as may be required and in the interests of the creditors.

Client acknowledges that Protiviti's work is highly dependent on the availability of relevant documents, known associates of the debtor, and other factors beyond the control of Protiviti. Protiviti will use commercially reasonable efforts to assist Client in meeting any stated deadlines but Client acknowledges that despite these efforts, due to such factors, any stated deadlines and timelines may not be met.

---

[1] The terms "Client" or "Committee," as used herein, shall mean the Official Committee of Unsecured Creditors as a whole, not its individual members.

Document      Page 6 of 10

Luke O'Brien
September 2, 2008
Page 2

### Professional Fees & Expenses

Protiviti will charge for this work based upon the level of expertise and time required for completing this project, plus out-of-pocket expenses. Protiviti acknowledges that this engagement and its fees are subject to approval by the Bankruptcy Court and that payment will be made by the debtor in accordance with the local rules for the Newport News Bankruptcy Court and any orders that may be entered by the Court in this case related to the compensation of professionals. Periodically, Protiviti may adjust its fees to reflect company-wide pricing changes and rate modifications associated with customary promotions of engagement personnel. Such changes will be communicated to you in a timely manner.

We agree to submit monthly invoices to the Client for review and approval. We agree to charge for the Services provided hereunder at the rates set forth below for actual time expended, plus reasonable expenses incurred in connection with performance of the Services. It is understood and agreed that if we are subpoenaed as the result of any work performed for you in connection with this engagement, we will be compensated at the foregoing rates for our time involved in responding to such subpoena(s) and that we will be reimbursed for any costs and expenses reasonably incurred. Protiviti's services are billed at hourly rates that vary according to the individual's position and level of expertise, in accordance with the following schedule:

| Position | Rate |
|---|---|
| Managing Director | $465 |
| Director | $390 |
| Senior Manager | $315 |
| Senior Consultant | $290 |
| Consultant | $205 |
| Administrative | $85 |

### Engagement Team

Protiviti engagement leaders will be as follows:

- Project Managing Director    Guy Davis
- Project Director             Rob Smith

In addition, senior and staff consultants will be used as necessary to complete the work. Protiviti reserves the right to staff the project as it sees fit and according to the personnel available to it, but will strive to assign duties to the professional with the lowest billing rate commensurate with the services performed.

This Arrangement Letter and the terms and conditions set forth in Attachment I (collectively, the "Agreement") represent the entire agreement between Protiviti and Client regarding this engagement, supersede all other oral, written or electronic communications between the parties concerning this engagement, and shall be binding on and inure to the benefit of the parties and their respective successor and permitted assigns. This Agreement has been entered into solely between Client and Protiviti, and no third-party beneficiaries are created hereby.

Luke O'Brien
September 2, 2008
Page 3

Please indicate your acceptance of this Agreement by signing where indicated below and returning it to us. We look forward to the opportunity to assist you in this project. Please contact me at (804) 644-7000 with any questions regarding this Agreement or the project.

Very truly yours,

PROTIVITI INC.

By: _____          Date: 9/2/08

Guy A. Davis
Managing Director
Protiviti Inc.

AGREED AND ACKNOWLEDGED BY:

By: _____          Date: 9/4/08

Luke O'Brien
Royal Bank of Canada
Chairman of the Official Committee of Unsecured Creditors
Michael D. Vick, Debtor (Case No. 08-50775)

ATTACHMENT I

**Terms and Conditions to Agreement Dated September 2, 2008 Between
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RE: MICHAEL D. VICK,
DEBTOR ("Client") and PROTIVITI INC. ("Protiviti")**

1. **Regulated Activity** Client understands that Protiviti is not a public accounting firm and does not issue opinions on financial statements or offer any attestation services.

2. **Confidential Information** Each party agrees to protect the other party's Confidential Information in a reasonable and appropriate manner and in accordance with any applicable professional practices or Court orders and to use and reproduce Confidential Information only to perform its obligations under this Agreement. Confidential Information is any information disclosed to the recipient under circumstances that would lead a reasonable person to understand that such information is confidential or proprietary in nature except for information that (i) is or becomes generally available to the public without breach by recipient of its confidentiality obligations, (ii) is received by recipient from a third party without restriction against disclosure, (iii) was known to recipient without restriction prior to disclosure, (iv) is independently developed by recipient without use of discloser's confidential information, or (v) is publicly disclosed pursuant to any legal requirement or order, or pursuant to any rule or regulation of any stock exchange or national securities quotation system, governing either the recipient or the disclosing party.

3. **Distribution of Deliverables** Protiviti accepts no liability or responsibility to any Third Party who benefits from or uses services hereunder or gains access to the Protiviti deliverables.

4. **No Third Party Beneficiaries** This Agreement has been entered into solely between Client and Protiviti, and no third-party beneficiaries are created hereby except as expressly otherwise provided herein.

5. **Changes to Services** Changes to the services must be agreed to by Protiviti and Client and will not be considered effective unless and until both parties agree as to the impact of the requested change on the cost, timing or any other aspect of the services or this Agreement.

6. **Limitation of Liability** Notwithstanding anything to the contrary herein, Client and Protiviti agree that in no event, regardless of the legal theory asserted (including without limitation breach of contract, negligence or any tort claim), shall (i) Protiviti be liable to Client or any person asserting claims on behalf of or in the right of Client for any claim, liability, loss, damage or expense in excess of the total amount of fees paid to Protiviti hereunder with respect to the engagement or (ii) either party be liable to the other or any person asserting claims on behalf of or in the right of it for consequential, indirect, incidental or special damages of any nature suffered Client or Protiviti (including, without limitation, lost profits or business opportunity costs).

7. **Engagement Team Restrictions** If for any reason any of the identified employees or subcontractors designated in the Arrangement Letter portion of this Agreement is not able to complete this engagement, Protiviti will provide employees or subcontractors with similar qualifications and experience to complete the assignment.

8. **Warranties** NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS AGREEMENT, PROTIVITI MAKES NO WARRANTIES, EXPRESS OR IMPLIED, OR WHETHER ARISING BY OPERATION OF LAW, COURSE OF PERFORMANCE OR DEALING, CUSTOM, USAGE IN THE TRADE OR PROFESSION OR OTHERWISE, INCLUDING WITHOUT LIMITATION, IMPLIED WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT AND FITNESS FOR A PARTICULAR PURPOSE.

9. **Termination of Agreement** Either party may at any time and without cause terminate this Agreement by giving written notice of termination to the other party. The rights and obligations set forth in Sections 2, 3, 6, 7, 8 and 9 shall survive termination of this Agreement. In the event of any termination, Protiviti will be entitled to payment for all services rendered and expenses incurred by Protiviti through the date of termination. After conclusion of the

work contemplated herein or termination or expiration of this Agreement, for so long as the Client and Protiviti are actively negotiating a new agreement for Protiviti's provision of services to Client that are substantially similar to those provided under this Agreement, the provisions of this Agreement, including any payment terms, shall apply to such services provided by Protiviti prior to the finalization of such new agreement.

10. **Governing Law** This Agreement and the rights and duties of the parties hereunder shall be governed by, and construed in accordance with, the law of the Commonwealth of Virginia.

11. **Notice** All notices or other communications required or desired to be sent to either party shall be in writing and sent by first class mail, postage prepaid, by next-day courier or by facsimile (if to Protiviti or by electronic mail if to Client), to the attention of the person identified below, at the address shown below or to the facsimile number or electronic address shown below. Either party may change such address, facsimile number or electronic mail address by written notice to the other party. Notice shall be effective on the fifth (5th) business day after mailing, on the first (1st) day after the date of sending via next-day courier, or on the date of the transmission if sent by facsimile or electronic mail (provided that notice shall be effective on the first business day following the date of transmission if transmission is effected on a non-business day).

| | |
|---|---|
| Protiviti: | Protiviti Inc.<br>Attn: Guy A. Davis<br>Managing Director<br>1051 East Cary Street<br>Suite 602<br>Richmond, VA 23219<br>Facsimile: (804) 644-7055 |
| Copy: | Protiviti Inc.<br>Attn: General Counsel<br>50 California Street, 17th Floor<br>San Francisco, CA 94111<br>Facsimile: (415) 402-3750 |
| Client: | The Official Committee of Unsecured Creditors<br>In re: Michael D. Vick, Debtor<br>Attn: Luke O'Brien<br>Director, Credit Portfolio Management<br>RBC Wealth Management<br>Royal Trust Tower, 77 King Street West, 3rd Floor<br>Toronto, ON, Canada M5W 1P9<br>Email: luke.obrien@rbc.com |
| Copy: | Counsel for the Official Committee of Unsecured Creditors<br>Attn: Ross C. Reeves, Esquire<br>Willcox & Savage, P.C.<br>One Commercial Place, Suite 1800<br>Norfolk, VA 23510<br>Email: rreeves@wilsav.com |

12. **Assignment** Neither Protiviti nor Client shall assign this Agreement, by operation of law or otherwise, without the prior written consent of the other party. Any assignment in violation of this provision shall be deemed to be null and void.

13. **Headings and Interpretation** The section headings in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Agreement. All parties hereto have participated substantially in the negotiation and drafting of this Agreement and each party hereby disclaims any defense or assertion that any ambiguity herein should be construed against the drafter of the Agreement.